Citation Nr: 1339307 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 08-00 283 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to service connection for a psychiatric disability, to include as secondary to eczema.

2. Entitlement to service connection for hypertension, to include as secondary to eczema. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

S.J. Janec, Counsel



INTRODUCTION

The Veteran served on active duty from May 1962 to June 1966. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision by the Department of Veterans Affairs (VA) Regional Office in Nashville, Tennessee (RO).

In December 2011, the Board remanded the case for further evidentiary development. 


FINDINGS OF FACT

1. There is probative evidence of record that shows that the Veteran's currently manifest dysthymia is proximately due to service-connected eczema. 

2. The most probative evidence of record shows that the Veteran's currently manifest hypertension did not have its onset during a period of active duty; was not manifest to a compensable degree within one year of discharge; and is not proximately due to or aggravated by a service-connected disability, including eczema. 


CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran's favor, dysthymia is proximately due to a service-connected disability. 38 U.S.C.A. §§ 1110, 1131, 5103, 5103A, 5107 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.310 (2013). 


2. Hypertension was not incurred in or aggravated by active service, may not be presumed to have been incurred in service, and is not proximately due to or aggravated by a service-connected disability. 38 U.S.C.A. §§ 101, 1110, 1131, 5103, 5103A, 5107 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.6, 3.159, 3.303, 3.307, 3.309(a), 3.310 (2013). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

Upon receipt of a substantially complete application, VA must notify the claimant and any representative of any information, medical evidence, or lay evidence not previously provided to VA that is necessary to substantiate the claim. The notice must: (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5103, 5103A, 5107 (West 2002 & Supp. 2012); 38 C.F.R. § 3.159 (2013); Pelegrini v. Principi, 18 Vet. App. 112 (2004). If VA does not provide adequate notice of any of element necessary to substantiate the claim, or there is any deficiency in the timing of the notice, the burden is on the claimant to show that prejudice resulted from a notice error, rather than on VA to rebut presumed prejudice. Shinseki v. Sanders, 129 S. Ct. 1696 (2009). 

The Board finds that any defect with regard to the timing or content of the notice to the appellant is harmless because of the thorough and informative notices provided throughout the adjudication and because the appellant had a meaningful opportunity to participate effectively in the processing of the claim with an adjudication of the claim by the RO subsequent to receipt of the required notice. The record does not show prejudice to the appellant, and the Board finds that any defect in the timing or content of the notices has not affected the fairness of the adjudication. Mayfield v. Nicholson, 19 Vet. App. 103 (2005); Dingess v. Nicholson, 19 Vet. App. 473 (2006). Specifically, the Veteran was provided appropriate notice in letters dated in November 2006, January 2007, and April 2007, prior to the rating decision on appeal. 

The Veteran has neither alleged nor demonstrated any prejudice with regard to the content or timing of the notices provided. Shinseki v. Sanders, 129 S. Ct. 1696 (2009) (burden of showing that an error is harmful or prejudicial falls on party attacking agency decision); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). The Board considers it significant that the subsequent statements made by the Veteran and his representative suggest actual knowledge of the elements necessary to substantiate the claim. Dalton v. Nicholson, 21 Vet. App. 23 (2007) (actual knowledge is established by statements or actions by the claimant or the claimant's representative that demonstrate an awareness of what is necessary to substantiate a claim). 

Thus, VA has satisfied its duty to notify the appellant and had satisfied that duty prior to the adjudication in the most recent February 2012 supplemental statement of the case. Overton v. Nicholson, 20 Vet. App. 427 (2006) (Veteran afforded a meaningful opportunity to participate effectively in adjudication of claim, and therefore notice error was harmless). 

The Board also finds that the duty to assist requirements have been fulfilled. All relevant, identified, and available evidence has been obtained. The appellant has not referred to any additional, unobtained, relevant, available evidence. VA has obtained examination with opinions with respect to the claims on appeal and the reports are adequate for rating purposes. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (when VA undertakes to provide an examination or obtain an opinion, it must ensure that the examination or opinion is adequate). Therefore, the Board finds that VA has satisfied the duty to assist provisions of law. Consequently, no further notice or assistance to the appellant is required to fulfill VA's duty to assist development. Smith v. Gober, 14 Vet. App. 227 (2000); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 


Service Connection

Service connection may be established for a disability resulting from injury suffered or disease contracted in the line of duty in active service or for aggravation of a preexisting injury suffered or disease contracted in the line of duty in active service. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303 (2013). Evidence of continuity of symptomatology of a disability from the time of service to the present is required where the chronicity of a condition manifested during service either has not been established or might reasonably be questioned. 38 C.F.R. § 3.303(b) (2013); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d) (2013). 

Certain chronic disabilities, such as hypertension or psychosis, if manifest to a degree of 10 percent within one year after separation from active duty, are presumed to have been incurred in, or aggravated by, active service. 38 U.S.C.A. §§ 1101, 1112, 1113 (West 2002); 38 C.F.R. §§ 3.307, 3.309(a) (2013). 

Service connection may also be established for disability which is proximately due to or the result of a service-connected disability. A disability which is aggravated by a service-connected disability will be service-connected to the degree that the aggravation is shown. 38 C.F.R. § 3.310 (2013); Allen v. Brown, 7 Vet. App. 439 (1995). However, VA will not concede that a nonservice-connected disease or injury was aggravated by a service-connected disease or injury unless the baseline level of severity of the nonservice-connected disease or injury is established by medical evidence created before the onset of aggravation or by the earliest medical evidence created at any time between the onset of aggravation and the receipt of medical evidence establishing the current level of severity of the nonservice-connected disease or injury. The rating activity will determine the baseline and current levels of severity under the Schedule for Rating Disabilities and determine the extent of aggravation by deducting the baseline level of severity, as well as any increase in severity due to the natural progress of the disease, from the current level. 38 C.F.R. § 3.310, Part 4 (2013).
Service connection generally requires evidence of a current disability with a relationship or connection to an injury or disease or some other manifestation of the disability during service. Boyer v. West, 210 F.3d 1351 (Fed. Cir. 2000); Mercado-Martinez v. West, 11 Vet. App. 415 (1998); Cuevas v. Principi, 3 Vet. App. 542 (1992). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 

In adjudicating a claim, the Board must assess the competence and credibility of the claimant. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362 (2005). The Board also has a duty to assess the credibility and weight given to evidence. Madden v. Gober, 125 F.3d 1477 (Fed. Cir. 1997); Wensch v. Principi, 15 Vet. App. 362 (2001). Competency of evidence must be distinguished from weight and credibility, which are factual determinations in determining the probative value of the evidence. Rucker v. Brown, 10 Vet. App. 67 (1997). Although interest may affect the credibility of testimony, it does not affect competency to testify. Cartwright v. Derwinski, 2 Vet. App. 24 (1991). 

It is the responsibility of the Board to determine the probative weight to be assigned among multiple medical opinions in a case, and to state reasons or bases for favoring one opinion over another. Winsett v. West, 11 Vet. App. 420 (1998). The probative value of a physician's statement is dependent, in part, upon the extent to which it includes clinical data or other rationale to support the opinion. Bloom v. West, 12 Vet. App. 185 (1999). If all the evidence is in relative equipoise, reasonable doubt should be resolved in the Veteran's favor, and the claim should be granted. 38 U.S.C.A. § 5107 (West 2002); 38 C.F.R. § 3.102 (2013). If the preponderance of the evidence is against the claim, the claim must be denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 


Psychiatric Disorder

The Board finds that, resolving reasonable doubt in the Veteran's favor, service connection for dysthymia, secondary to the service-connected eczema is warranted. Upon VA examination in January 2012, the clinician stated that it was less likely that the Veteran's dysthymia was due to his eczema, but noted that it appeared that much of his mood disturbance was due to "psychosocial stressors such as conflict with others, financial problems, or health problems." While the clinician also subsequently referenced the Veteran's heart problems, the Board observes that the Veteran's service-connected eczema has been rated 50 percent for more than 30 years, which is a significant health problem. Therefore, the Veteran's eczema must be considered as a contributing factor in that statement. The photographs in the file attest to the severity of the disability, particularly on the Veteran's face and lower extremities. In support of his claim, the Veteran has submitted his own statements, and lay statements that assert a relationship between the two disabilities. The Veteran himself specifically mentioned his frustration at his unresolved dermatological problems in a June 2006 VA outpatient psychiatric report which gave an Axis I diagnosis of dysthymia; and the Veteran's report of sleep problems due to the constant itching associated with his eczema are well-documented in the record. He is competent to make such assertions. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Finally, the internet evidence submitted by the Veteran also serves to bolster his claim with regard to there being a link between severe eczema and the development of significant psychiatric symptoms/impairment. 

Resolving reasonable doubt in favor of the Veteran, the Board concludes the Veteran's current dysthymia is, at least in part, proximately due to his service-connected eczema. Therefore, service connection for dysthymia is granted on a secondary basis. 38 U.S.C.A. § 5107(b) (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 


Hypertension

The Board finds that the preponderance of the evidence is against the claim for service connection for hypertension, including secondary to service-connected eczema, because the most probative evidence of record, the January 2012 VA examination report, concluded that it was not likely that the Veteran's current hypertension was related to or aggravated by his service-connected eczema. Rather, it was essential in nature. Winsett v. West, 11 Vet. App. 420 (1998). That opinion was based on a full review of the record, including the service medical reports, the Veteran's statements, and a thorough clinical evaluation. Bloom v. West, 12 Vet. App. 185 (1999). 

The Board observes that the medical evidence does not show, and the Veteran does not allege, that his hypertension was manifest during service or within one year of his discharge. In fact, upon VA examination in January 2012, he stated that his hypertension was initially diagnosed in the 1980s, which is more than 10 years after his separation from service. Therefore, service connection on a direct or a presumptive basis is not warranted.

The Board also observes that although lay persons are competent to provide opinions on some medical issues, the specific disability in this case of hypertension falls outside the realm of common knowledge of a lay person. Kahana v. Shinseki, 24 Vet. App. 428 (2011); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Hypertension is a complex disease that requires specialized training and medical diagnostic testing for a determination as to diagnosis and causation, and it is not susceptible of lay opinions on etiology. Additionally, the internet evidence submitted by the Veteran is not specific to him, and does not establish the required nexus to warrant a grant of service connection. In fact, the report noted that for most adults, there is no identifiable cause of essential hypertension, the type of hypertension diagnosed for the Veteran. Therefore, the Board finds that the Veteran's statements and treatise evidence cannot be accepted as competent evidence sufficient to establish service connection on either a direct or secondary basis. 

Accordingly, the Board finds that the preponderance of the evidence is against the claim for service connection for hypertension, and the claim must be denied. 38 U.S.C.A. § 5107 (West 2002); 38 C.F.R. § 3.102 (2013); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 


ORDER

Service connection for dysthymia secondary to eczema is granted. 

Service connection for hypertension, to include as secondary to eczema, is denied. 



____________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs