Citation Nr: 1542417 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 11-01 389 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to service connection for right ear hearing loss.



REPRESENTATION

Appellant represented by: Missouri Veterans Commission


ATTORNEY FOR THE BOARD

D. Jani, Associate Counsel






INTRODUCTION

The Veteran had honorable active duty service in the Army from December 1967 to December 1969. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. 

Entitlement to service connection for a bilateral hearing loss disability was originally denied by the RO in an April 2008 rating decision. A notice of disagreement was received in July 2008; a statement of the case was issued in November 2008. However, the Veteran did not perfect his appeal with a VA Form 9 within a year from the issuance of the SOC. As a result, the April 2008 rating decision became final. 

In January 2015, the Board reopened the bilateral hearing loss claim on the basis of new and material evidence being received and remanded the claim for additional evidentiary development. See January 2015 Board Remand Order. Thereafter, in a March 2015 rating decision, service connection for left ear hearing loss was granted. See March 2015 Rating Decision. A supplemental statement of the case was furnished in March 2015, denying service connection for right ear hearing loss. Subsequently, in an April 2015 correspondence, the Veteran waived his right of RO consideration of additional evidence and asked to immediately certify his appeal to the Board. See April 2015 Veteran Correspondence. Therefore, the issue of right ear hearing loss is properly in front of the Board and can adjudicate the claim based on the current record. 

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into account the existence of this electronic record. In addition to the VBMS claims file, there is a Virtual VA paperless file associated with the Veteran's case.

FINDING OF FACT

The Veteran's right ear hearing loss is not causally or etiologically due to service, nor may sensori-neural hearing loss be presumed to have been incurred in active service.


CONCLUSION OF LAW

Service connection for right ear hearing loss is not established. 38 U.S.C.A. §§ 1101, 1110, 5107 (West 2014); 38 C.F.R. §§ 3.159, 3.303, 3.307, 3.309, 3.385 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duty to Notify and Assist

As set forth in the Veterans Claims Assistance Act of 2000 (VCAA), the Department of Veterans Affairs (VA) has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102-5103A, 5106, 5107, 5126 (West 2014). Under the VCAA, when VA receives a claim, it is required to notify the claimant and his representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim; that VA will seek to provide; and that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). This notice must be provided prior to an initial unfavorable decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). 

Additionally, VA has a duty to assist the Veteran in claim development. This includes assisting in the procurement of service treatment records and pertinent medical records, as well as providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

In this case, the Board finds that all necessary development has been accomplished, and thus appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). The RO has obtained post-service treatment records, and multiple VA medical opinions and an examination pertinent to the issue on appeal. Virtual VA and VBMS records were reviewed. Therefore, the available medical evidence and records have been obtained in order to make an adequate determination. Neither the Veteran nor his representative has identified any additional existing evidence that has not been obtained or is necessary for a fair adjudication of the claim. 

In April 2014, the Veteran was afforded a VA audiological examination through contract with Logistics Health Incorporated (LHI) for his hearing loss claim. Thereafter, in the January 2015 remand order, the Board remanded for additional development. Specifically, the Board requested an addendum opinion to the Veteran's April 2014 VA audiological examination to address whether the Veteran's hearing loss disability is associated with his military service, to include any in-service noise exposure. See January 2015 Board Remand, page 9. In making this assessment, the medical examiner was required to take into account the significance of the Veteran's threshold shifts in both ears between the Veteran's entrance and separation examinations. Id. 

In March 2015, the LHI-contracted VA examiner gave an addendum opinion to the April 2014 VA audiological examination opinion. The March 2015 addendum opinion did specifically compare the Veteran's entrance and exit examinations to note any threshold shifts that occurred during the Veteran's time in service. See March 2015 VA Addendum Opinion. Of interest in the present appeal, for the Veteran's right ear, the March 2015 VA examiner noted that there were no significant threshold shifts between the Veteran's entrance and exit examinations. Id. Subsequently, a SSOC was issued in March 2015. 

The Board finds that the RO substantially complied with the remand orders such that no further action is necessary in this regard. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998), where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002). That development having been completed, the claim is now ready for appellate review.

The VA's duty to assist in the development of the claim is complete, and no further notice or assistance to the Veteran is required to fulfill the duty. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd, Smith v. Principi, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001).

II. Entitlement to Service Connection for Right Ear Hearing Loss

The Veteran seeks entitlement to service connection for right ear hearing loss. He asserts that he was exposed to acoustic trauma during service and currently suffers from hearing loss as a result of that exposure.

Applicable Laws

Generally, in order to prevail on the issue of service connection the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Service connection may be established for a current disability on the basis of a presumption under the law that certain chronic diseases manifesting themselves to a certain degree within a certain time after service must have had their onset in service. 38 U.S.C.A. §§ 1112, 1113 and 1137; 38 C.F.R. §§ 3.303, 3.304, 3.307 and 3.309(a). Service connection for sensori-neural hearing loss may be established based on a legal "presumption" by showing that either manifested itself to a degree of 10 percent or more within one year from the date of separation from service. 38 C.F.R. §§ 3.307, 3.309(a).

The Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence that it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. See Masors v. Derwinski, 2 Vet. App. 181 (1992); Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Equal weight is not accorded to each piece of evidence contained in the record; not every item of evidence has the same probative value.

"[W]hen audiometric test results at a veteran's separation from service do not meet the regulatory requirements for establishing a 'disability' at that time, he or she may nevertheless establish service connection for a current hearing disability by submitting evidence that the current disability is causally related to service." Hensley v. Brown, 5 Vet. App. 155, 160 (1993). The threshold for normal hearing is from 0 to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Id. at 157. 

For the purposes of applying the laws administered by the VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

Decibel losses recorded on service department audiological examinations prior to November 1, 1967, are assumed to be measured in American Standards Association (ASA) units, and are converted to International Organization for Standardization (ISO) units to facilitate comparison of results. 

The current VA definition for a hearing loss disability found at 38 C.F.R. § 3.385 is based on ISO units.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a claim, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107. 

To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

Facts

The Veteran's DD 214 and additional personnel records show that the Veteran was a gunner and ammunition section chief, among other military occupational specialties, while in service. See DD-214; see also Record of Assignments Sheet.

The Veteran's service treatment records were reviewed. The Veteran's January 1967 induction examination reflects that his hearing was 15/15 on the whispered voice test for his right ear. See January 1967 Induction Examination. His hearing thresholds were noted to be 0 dB HL at all the frequencies tested. Id. 

While in service, there are no complaints, treatment, or diagnosis documented in the service treatment records pertaining to ear problems, or hearing loss. 

The Veteran underwent an exit examination in November 1969. At this time, the Veteran's threshold shifts in the right ear were 10 dB HL at 500 Hz frequency; 5 dB HL at 1000 Hz frequency; 5 dB HL at 2000 Hz frequency; and 0 dB HL at 4000 Hz frequency. The Veteran's threshold shifts at the 3000 Hz frequency were not measured at either the entrance or the exit examinations. 

Furthermore, on his Report of Medical History from November 1969, the Veteran denied any ear, nose or throat trouble and also denied any hearing loss. See November 1969 Report of Medical History. 

In contrast, within the Veteran's January 2008 VA Form 21-526, the Veteran stated that his hearing loss began in August 1968. See January 2008 VA Form 21-526. Furthermore, the Veteran explained that his hearing disability was due to being a section chief on a self-propelled Howitzer where he had to shoot continuous fire, thus making his ears bleed. Id. He claimed that ever since that time he has had constant ringing in his ears. Id. 

Post service, a Columbia VA Medical Center (VAMC) treatment note from January 2013 acknowledged the Veteran's hearing problem, which the Veteran attributed to affecting his ability to learn. See January 2013 Columbia VAMC Treatment Note. Within this treatment note, however, the physician identified the Veteran's hearing problem as ringing in his ears and did not specifically note the Veteran's hearing loss. Id.

Additionally, in an April 2013 Columbia VAMC treatment note, a treating physician identified that the Veteran was suffering from tinnitus, but also noted that the Veteran did not have hearing loss. See April 2013 Columbia VAMC Treatment Note. However, an audiometric examination was not conducted at this time. 

The Veteran was afforded a VA examination in April 2014 through contract with LHI. For the relevant frequencies, audiometric testing at this time revealed pure tone thresholds, in decibels, as follows:



HERTZ

500
1000
2000
3000
4000
RIGHT
35
50
40
50
60

The Veteran's speech recognition score was 84 percent in the right ear. The April 2014 VA examiner diagnosed the Veteran as having sensorineural hearing loss in the frequency range of 500-4000 Hz. During the April 2014 VA examination, the Veteran described the functional impact of his hearing loss as not being able to hear certain things due to the ringing in his ear; and that the louder the ringing gets, the harder it is for him to hear when things all run together. Id. 

Thereafter, in the March 2015 addendum opinion, the LHI-contracted VA examiner compared the Veteran's right ear threshold shifts between his entrance and exit examinations. For the Veteran's right ear, the March 2015 VA addendum opinion noted that there were no significant threshold shifts between his entrance and exit examinations. See March 2015 VA Addendum Opinion. 

The March 2015 VA examiner provided the following rationale:

[Occupational Safety and Health Administration] OSHA defines a standard threshold shift as a change in hearing threshold relative to the baseline audiogram of an average of 10 dB or more at 2000, 3000, and 4000 Hz in either ear. 3000 Hz was not tested upon entry or exit, therefore, it is impossible to ascertain if threshold shift occurred at 3k Hz. Id. 

Thus, the March 2015 VA examiner remarked that, for the right ear, there were no significant threshold shifts and opined that it is well established that a noise induced hearing loss will not progress once noise exposure is stopped. Id. Therefore, the March 2015 VA examiner concluded that the Veteran's right ear hearing loss is less likely than not due to military noise exposure. Id. 
 
Analysis

The Board notes that the Veteran has a current right ear hearing loss disability under 38 C.F.R. § 3.385. The April 2014 VA authorized audiometric examination clearly reflects, among other things, that the Veteran's auditory threshold is 40 decibels or greater at 1000 Hz, 2000 Hz, 3000 Hz, and 4000 Hz. See April 2014 VA Examination. As such, element (1) set forth under Shedden, current disability, has been satisfied. See Shedden, supra. 

The Veteran claims his hearing loss is due to in-service acoustic trauma. Giving the Veteran the benefit of the doubt, his account of in-service noise exposure appears credible and consistent with the circumstances of his service. Furthermore, the Veteran's DD 214 and additional personnel records reflect a military occupational specialty which is consistent with exposure to in-service acoustic trauma. See DD-214; see also Record of Assignments Sheet. Thus, the Board concedes the Veteran's exposure to acoustic trauma during service. 

Therefore, the pertinent inquiry is whether the in-service acoustic trauma caused the Veteran's current right ear hearing loss. Unfortunately, the Board concludes it did not.
There was no indication of post-service hearing loss until the Veteran filed a VA Form 21-526 in January 2008, which is more than 38 years after the Veteran's service. With regards to his post-service medical records, the first notation of the Veteran's hearing problem occurred in January 2013. Within the Veteran's January 2013 Columbia VAMC treatment note, his treating physician did not specifically mention the Veteran having hearing loss, but, instead, identified the Veteran's hearing problem as being related to ringing in the Veteran's ears. See January 2013 Columbia VAMC Treatment Note. 

An April 2013 Columbia VAMC treatment note also remarked that the Veteran did not have a loss of hearing, but the Board does note the fact that the Veteran did not undergo an audiometric testing at this time. See April 2013 Columbia VAMC Treatment Note. 

As such, the Board finds there is no evidence to support a presumption of service connection based on manifestation of sensori-neural hearing loss to a degree of 10 percent disabling within one year from discharge from service. 

Furthermore, the March 2015 VA examiner opined that the Veteran's right ear hearing loss is less likely than not due to his military noise exposure. See March 2015 VA Addendum Opinion. In support of the rationale, the March 2015 VA examiner explained that no significant threshold shifts were found between the Veteran's entrance and exit examinations, and that it is well established that a noise induced hearing loss will not progress once noise exposure is stopped. Id. 

The Board finds the March 2015 VA examiner's addendum opinion persuasive. It is based on a thorough review of the claims folder, to include in-service audiological findings. Also compelling, no medical professional has indicated that the Veteran's right ear hearing loss is due to his time in service.

In short, while the Veteran was exposed to in-service acoustic trauma, and currently has a diagnosis of right ear hearing loss, none of the medical evidence shows that the current hearing loss is a result of acoustic trauma during his military service.

The Board has considered the Veteran's statements in reaching this conclusion. The Board acknowledges that the Veteran is competent to give evidence about what he experiences; for example, the Veteran is competent to discuss his hearing loss and other symptoms. See, e.g., Layno v. Brown, 6 Vet. App. 465 (1994). 

In the present case, however, the Board finds that the Veteran's lay statements are outweighed by the service treatment records, post-service treatment records, and the negative VA medical opinion cited above. The Board notes that the Veteran, within his January 2008 VA Form 21-526, stated that his hearing loss began during service and has continued to present day. However, the Board does not find the Veteran's assertions to be credible, particularly when weighed against the objective medical evidence. Importantly, the Veteran denied any hearing loss on his November 1969 Report of Medical History. See November 1969 Report of Medical History. As a result, the Board finds the Veteran's assertions that his hearing loss began during service are not credible.

Further, the Veteran is not competent to diagnose any medical disorder or render an opinion as to the cause or etiology of any current disorder because he does not have the requisite medical knowledge or training. See Rucker v. Brown, 10 Vet. App. 67, 74 (1997) (stating that competency must be distinguished from weight and credibility, which are factual determinations going to the probative value of the evidence). Accordingly, though the Veteran is competent to report his symptoms, he is not credible to provide an opinion as to nature and etiology. 

In reaching this decision, the Board has considered the applicability of the benefit of the doubt doctrine. However, the preponderance of the evidence is against the Veteran's claim of entitlement to service connection for right ear hearing loss. As such, that doctrine is not applicable in the instant appeal, and the Veteran's claim must be denied. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. 





ORDER

Entitlement to service connection for right ear hearing loss is denied.




____________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs