http://www.va.gov/vetapp16/Files4/1634344.txt

Citation Nr: 1634344 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 12-02 683 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUE

Entitlement to dependency and indemnity compensation (DIC) based on service connection for the cause of the Veteran's death. 

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

Harold A. Beach, Counsel

INTRODUCTION

The Veteran, who died in August 2010, served on active duty from April 1947 to March 1953. The appellant seeks surviving spouse benefits.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a decision of a Department of Veterans Affairs (VA) Regional Office (RO). This case was previously before the Board in July 2014 and January 2015. Each time, it was remanded for further development.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDING OF FACT

The Veteran's fatal pneumonia and contributing conditions of chronic obstructive pulmonary disease (COPD), coronary artery disease (CAD), and diabetes mellitus (DM) were first manifested many years after service, and the preponderance of the competent evidence of record is against a finding that any of those disabilities is in any way related to service. 

CONCLUSION OF LAW

The criteria have not been met for entitlement to DIC due to service connection for the cause of the Veteran's death. 38 U.S.C.A. §§ 1310, 5103, 5103A (West 2014); 38 C.F.R. §§ 3.159, 3.312 (2015). 

REASONS AND BASES FOR FINDING AND CONCLUSION

Prior to consideration of the merits of an appeal, the Board must ensure that VA has met the duty to notify the appellant of the information and evidence necessary to substantiate her claim and to assist in obtaining relevant evidence. 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015); Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). VA's duty to notify the appellant as to the information and evidence necessary to substantiate the claim was satisfied by a letter in September 2010. 

The Board also finds that the duty to assist requirements have been fulfilled. All relevant, identified, and available evidence has been obtained, and the VA has notified the appellant of any evidence that could not be obtained. The appellant has not referred to any unobtained, relevant, available evidence. Furthermore, the VA has obtained adequate medical opinions with respect to her claim. Thus, the Board finds that VA has satisfied the duty to assist. No further notice or assistance to the appellant is required to fulfill VA's duty to assist in development. Smith v. Gober, 14 Vet. App. 227 (2000); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Quartuccio v. Principi, 16 Vet. App. 183 (2002).

The appellant contends that the Veteran's fatal disabilities had their onset in service and that service connection for the cause of the Veteran's death is warranted. Therefore, she maintains that she is entitled to receive DIC. However, after carefully considering the claim in light of the record and the applicable law, the Board is of the opinion that the preponderance of the evidence is against that claim. Accordingly, the appeal will be denied. 

DIC may be awarded to a Veteran's surviving spouse for death resulting from a service-connected or compensable disability. 38 U.S.C.A. § 1310 (West 2014); 38 C.F.R. § 3.312 (2015). In order to establish service connection for the cause of a Veteran's death, the evidence must show that a disability incurred in or aggravated by service was either the principal cause of death or a contributory cause of death. Therefore, service connection for the cause of a Veteran's death may be demonstrated by showing that the Veteran's death was caused by a disability for which service connection had been established at the time of death or for which service connection should have been established. 38 U.S.C.A. § 1310 (West 2014); 38 C.F.R. § 3.312 (2015). 

The Veteran's death certificate shows that he died in August 2010 as a result of pneumonia of two weeks duration. Other significant conditions contributing to death but not related to the underlying cause were chronic obstructive pulmonary disease (COPD), coronary artery disease (CAD), and diabetes mellitus (DM). It was noted that tobacco use had probably contributed to the Veteran's death. Thus, in order for the appellant to prevail, the evidence must establish that at least one of those disabilities was related to the Veteran's service.

At the time of the Veteran's death, a 90 percent combined rating was in effect for posttraumatic stress disorder (PTSD), rated 50 percent; residuals of a cold injury of the right foot, rated 30 percent; residuals of a cold injury of the left foot, rated 30 percent; residuals of a cold injury of the right hand, rated 20 percent; and the residuals of a cold injury of the left hand, rated 10 percent. There is no evidence of record that any of those disabilities contributed substantially or materially to cause the Veteran's death. In VA examinations in August 2014 and January 2015, a VA examiner stated that PTSD and the cold injuries had no etiological implications in the development of pneumonia, chronic obstructive pulmonary disease, coronary artery disease, or diabetes. The appellant has not submitted any contrary competent evidence to rebut the findings of the VA examinations and the Board finds that those opinions are the most persuasive evidence on that issue. The question, then, is whether any of the fatal disabilities should have been service-connected at the time of the Veteran's death.

Service connection means that the facts, shown by the evidence, establish that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated during service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2015). Generally, there must be competent evidence of the fatal disability; competent evidence of a disease or injury in service; and competent evidence of a causal relationship between the in-service injury or disease and the fatal disability. Hickson v. West, 12 Vet. App. 247 (1999).

For certain disabilities, such as coronary artery disease or diabetes mellitus, service connection may be presumed when that disability is shown to a degree of 10 percent or more within one year of separation from service. 38 U.S.C.A. § 1101, 1112 (West 2014); 38 C.F.R. §§ 3.307, 3.309 (2015). 

In addition, service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (2015). 

The report of the Veteran's April 1947 service entrance examination is negative for any complaints or clinical findings of pneumonia, COPD, CAD, or DM. The Veteran's lungs and cardiovascular system were found to be normal, and a chest X-ray was negative. There were no endocrine disturbances, and a urinalysis was negative for sugar. 

In May 1947, the Veteran was hospitalized for the treatment of respiratory difficulty. The possibility of pneumonia was considered. However, chest X-rays were negative; and, following six days of hospitalization, the diagnosis was nasopharnyngitis, acute, catarrhal, moderately severe. 

In November 1949, the Veteran was treated for a head and chest cold, but, again, chest X-rays were negative. 

During a reenlistment examination in April 1950, there were no significant abnormalities of the Veteran's lungs, heart, or endocrine system, and on chest X-ray, the size and contour of heart and vessels were within normal limits. A urinalysis was of sugar within normal limits. 

In July 1952, the Veteran was treated for cellulitis with lymphangitis, left hand and left forearm, organism not known. It was noted that he had a history of lobar pneumonia in 1947. He had reportedly been treated with penicillin with good results. The Veteran thought that after that he had been more susceptible to colds and sore throats than before. During a systemic review, it was noted that he had frequent colds and sore throats every winter. On examination, the Veteran's chest was of normal shape and contour. His respirations were equal and full bilaterally, but on first listening there had been a marked inspiratory crow heard over the left base anteriorly. After several deep breaths, his lungs were clear to percussion and auscultation. 

In November and December 1954, the Veteran was hospitalized by VA for the treatment of a duodenal ulcer. On examination, the lungs and chest were clear to percussion and auscultation, and a cardiovascular examination was unremarkable. An oral glucose tolerance test revealed a normal curve. An initial electrocardiogram was reported as abnormal because of an ectopic pacemaker, and ST elevations in several of the leads. Repeat tracings continued to show the initial abnormalities. The ST elevations were within statistical normal limits and were thought to be a normal variance. The ectopic pacemaker persisted.

The Board finds that the evidence shows that the disabilities causing or contributing to death were not manifested until many years after service. At the time of the Veteran's death, it was noted that the pneumonia had been present for two weeks. Records from the Baylor Medical Center show that COPD and CAD were first manifested during treatment in 2008. Diabetes mellitus was not manifested until the 1990s. During laboratory testing in October 1993, the Veteran's glucose was high. During a VA examination in 2003, it was noted that the Veteran had a five year history of diabetes. Nevertheless, the Veteran's case was referred to a VA physician for a review of the record and opinion as to whether any of the fatal disabilities were related to service. 

Following a review of the record in August 2014, a VA physician opined that it was less likely than not that the any of the fatal disabilities were related to service. In January 2015, the VA physician reviewed the record a second time, specifically to determine whether the Veteran had had lobar pneumonia in service. Despite the historical reference to that disorder in the Veteran's service medical records, the VA examiner found that the Veteran had never, in fact, had lobar pneumonia. There was no competent evidence to the contrary. Therefore, the Board finds the preponderance of the evidence against a nexus to service. The normal medical findings in service, and the absence of any medical records of a diagnosis or treatment for many years after service is probative evidence against the claim. Mason v. Goober, 230 F.3d 1330 (Fed. Cir. 2000) (prolonged period without medical complaint can be considered, along with other factors concerning a claimant's health and medical treatment during and after military service, as evidence of whether an injury or a disease was incurred in service which resulted in any chronic or persistent disability). 

Moreover, the Board notes that in April 1953, the Veteran filed a successful claim of entitlement to service connection for a nervous disorder. However, he did not file a claim for service connection for any of the fatal disabilities, pneumonia, COPD, CAD, or DM. It is reasonable to expect that had he had any of those disorders in service that he would have filed a claim at the same time he filed a claim for service connection for nervousness. That he did not do so further weighs against the appeal. 

Lay evidence can be considered competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d. 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). However, to the extent that the appellant claims that any of the Veteran's causes of death were related to service, the Board finds that evidence is not competent as the appellant is not shown to have medical training or expertise to make such an opinion. In any event, any such opinion is outweighed by the opinions of the VA examinations because those opinions were provided by medical personnel with training and experience.

Because the preponderance of the evidence is against a finding of any causal relationship between any of the fatal disabilities and service, the Board finds that the appellant does not meet the criteria for service connection for the cause of the Veteran's death. Accordingly, DIC is not warranted, and the appeal is denied. Because the preponderance of the evidence is against the appellant's claim, the claim must be denied. 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2015). 

ORDER

Entitlement to DIC based on a claim of entitlement to service connection for the cause of the Veteran's death is denied. 

____________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs