# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-255

CLAUDUS G. SMITH, APPELLANT,

V.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided December 22, 2000    )

*Jay D. Majors,* of Washington, D.C.,  was on the pleadings for the appellant.

*John H. Thompson*, Acting General Counsel; *Ron Garvin*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel; and *Peter M. Donawick*, all of Washington, D.C., were on the pleadings for the appellee.

Before FARLEY, IVERS, and GREENE, *Judges*.

IVERS, *Judge*:  The veteran, Claudus G. Smith, appeals from a December 16, 1997, Board of Veterans' Appeals (BVA or Board) decision that dismissed, for lack of jurisdiction, a claim for payment of accrued interest on an award of past-due disability benefits.  Record (R.) at 5.  Both the veteran and the Secretary have submitted briefs.  Counsel for the veteran entered an appearance in this matter through the pro bono program.  The Court wishes to compliment counsel on his presentation in this matter and thank him for his service to the veteran and thereby to this Court.  The Court notes that counsel for the veteran requested oral argument in his brief.  Appellant's Brief (Br.) at 1.  The Court finds that "oral argument would not materially assist in the disposition of this appeal." *Mason v. Brown,* 8 Vet.App. 44, 59.  This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).

On August 31, 2000, the Court issued an opinion in this case, *Smith v. Gober*, 14 Vet.App. 96 (2000), that affirmed the Board's December 16, 1997, decision.  The Court denied the veteran's

motion for reconsideration on October 31, 2000. Judgment was recalled in this case pursuant to *In Re: Veterans Claims Assistance Act of 2000*, U.S. Vet. App. Misc. Order No. 4-00 (Nov. 13, 2000) (en banc) because of the recent enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096, (Nov. 9, 2000) [hereinafter VCAA]. Therefore, the Court will withdraw its August 31, 2000, opinion and issue this opinion in its stead. For the reasons set forth below, the Court will affirm the BVA's December 16, 1997, decision.

## I. FACTS

The veteran served in the U.S. Air Force from May 1950 to May 1954, and from November 1955 to August 1957. R. at 13. In a February 26, 1958, rating decision, the veteran was granted service connection for chorio-retinal eye degeneration with a disability rating of 70% effective August 24, 1957. R. at 8. On February 2, 1961, the veteran's eyes were examined at a VA medical center in Oklahoma City, Oklahoma, and he was diagnosed with "gun barrel vision of 5 degrees bilateral secondary to Retinitis Pigmentosa." *Id.* On February 20, 1961, the rating board requested reexamination of the veteran by two eye specialists regarding the veteran's diagnosis of retinitis pigmentosa. On May 16, 1961, after a review of the February 20 examination results, the regional office (RO) continued the 70% evaluation based on the examination of the two ophthalmologists. R. at 8.

A January 1, 1992, rating decision granted the veteran 100% disability for chorio-retinal degeneration from November 8, 1991, the date of his claim for an increased rating. *Id.* On April 13, 1993, the Board found that the May 16, 1961, rating decision contained clear and unmistakable error. R. at 12. The RO then awarded the veteran a 100% rating for chorio-retinal eye degeneration; special monthly compensation for blindness in both eyes with visual acuity of 50/200 or less, effective February 2, 1961; and special monthly compensation for blindness in both eyes having light perception only, effective November 8, 1991. R. at 8-10, 12-13, 15-18, 20. The veteran, after verification of his military retirement pay, was awarded past due benefits for VA disability compensation in the amount of $203,497.31 for the period from February 2, 1961, to July 31, 1993. R. at 22-25.

On March 26, 1994, the veteran wrote a letter to VA requesting that interest be paid on the

retroactive benefits awarded in April 1993. R. at 27. The RO in Muskogee, Oklahoma, informed the veteran in a April 22, 1994, letter that VA regulations "do not provide for interest to be paid on retroactive awards." *Id*. In a February 26, 1996, letter the veteran again requested payment of interest on his past-due benefits. R. at 35. Again the RO, in a March 5, 1996, letter, informed the veteran that VA regulations did not provide for the payment of interest on a retroactive claim. R. at 39. On April 14, 1996, the veteran wrote another letter expressing displeasure that he had not received formal notice of a VA decision concerning the payment of interest on his past-due benefits. R. at 44. The RO, in a May 29, 1996, response, treated the April 14, 1996, letter as a Notice of Disagreement. R. at 46-47. In July 1996, the veteran received a Statement of the Case. R. at 46-51. The veteran appealed his case to the Board. R. at 53-57.

In October 1996, the veteran had an RO hearing, where he reiterated his belief that he was entitled to payment of interest on his past due benefits. R. at 59. The Board, in the December 16, 1997, decision here on appeal, determined:

> Absent a statute authorizing the payment of interest by the VA Secretary on awards of disability compensation, no law or regulation affecting the provisions of benefits by the VA to veterans or dependents or survivors administered by the VA is for consideration. The merits of the veteran's claim cannot be addressed by the Board as we are without jurisdiction. As there is not an issue appropriate for appellate review by this Board, the appeal must be dismissed.

R. at 4.

## II. ANALYSIS

### A. Jurisdiction

The Board erroneously dismissed the veteran's claim for lack of jurisdiction. The Board conducted a full review of the interest issue and found that it lacked jurisdiction to review such a claim. R. at 3-4. This Court has held that "the BVA must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal." *Rivers v. Gober*, 10 Vet.App. 469, 471(1997) (quoting *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991)); *see Godfrey v. Brown*, 7 Vet.App. 398, 410 (1995). If the Board had liberally framed the issue in terms of whether the appellant had received the maximum monetary award to which he was legally entitled, including

interest, or whether there were any amounts omitted in the calculation of the past-due benefits, including interest, the claim would have been within the Board's jurisdiction pursuant to 38 U.S.C. § 7104. Such error by the Board was harmless, however, because the veteran was not entitled to the payment of interest as a matter of law.

## B. Payment of Interest

The payment of interest on past due benefits is a case of first impression before this Court. This Court reviews questions of law de novo without any deference to the Board's conclusion of law. *See* 38 U.S.C. § 7261(a)(1); *see also Hensley v. West*, 212 F.3d 1255 (Fed. Cir. 2000); *Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc). The U. S. Supreme Court has clearly held that "[f]or well over a century, this Court, executive agencies, and Congress itself consistently have recognized that federal statutes cannot be read to permit interest to run on a recovery against the United States unless Congress affirmatively mandates that result." *Library of Congress v. Shaw*, 478 U.S. 310, 315 (1986). The Supreme Court has interpreted the no-interest rule strictly.

> There can be no consent by implication or by use of ambiguous language. Nor can intent on the part of the framers of a statute or contract to permit the recovery of interest suffice where the intent is not translated into affirmative statutory or contractual terms. The consent necessary to waive the traditional immunity must be express, and it must be strictly construed.

*U.S. v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 659 (1947); *see also McMahon v. U.S.*, 342 U.S. 25, 27 (1951) ("[S]tatutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign."); *Fidelity Construction Co. v. United States,* 700 F.2d 1379 (Fed. Cir. 1983) ("Not only may the consent not be implied, but even a seemingly explicit consent will not be effective if the language used appears too sweeping and contrary to the overall statutory scheme as judicially deduced."). The veteran concedes that none of the exceptions to the no-interest rule applies in this case. Appellant's Br. at 7.

The veteran rests his case upon the premise that 38 U.S.C. § 503(a) is an express statutory authorization for the payment of interest. The veteran contends that "[i]ndisputably, 38 U.S.C. § 503 waives sovereign immunity and statutorily authorizes the Secretary to provide *any* form of adjustment to an award of veterans benefits that he deems appropriate in cases, like this one, where there has been administrative error by the VA." Appellant's Br. at 7. Section 503(a), of title 38,

United States Code, provides:

> If the Secretary determines that benefits administered by the Department have not been provided by reason of administrative error on the part of the Federal Government or any of its employees, the Secretary may provide such relief on account of such error as the Secretary deems equitable, including the payment of moneys to any person whom the Secretary determines is equitably entitled to such moneys.

The veteran asks the Court to infer from the general language of section 503 that Congress has expressly consented to a waiver of sovereign immunity allowing the payment of interest. This we cannot do. The Court cannot infer from the general language granting the Secretary the power of equitable relief that Congress has expressly granted the Secretary the authority to pay interest on past-due claims. Any ambiguity in the language of the statute that the veteran relies upon to support his position must be strictly construed in favor of the sovereign, as the Supreme Court clearly instructed in *N.Y. Rayon Importing Co.*, *supra*. It is unfortunate that the veteran for a period of over thirty years has been erroneously denied his benefits, but there is no statutory authority under which the Secretary may pay the veteran interest on those past due benefits.

Since Congress did not expressly waive sovereign immunity in section 503, the veteran's argument that the Secretary expressly delegated his section 503 power to the Board in 38 C.F.R. § 3.105(a) is without merit and need not be considered further by the Court. Appellant's Br. at 9. The Secretary cannot delegate authority that he does not possess. Even assuming arguendo that the Secretary has the authority, he clearly has not delegated such authority. Section 2.7(c) of title 38, Code of Federal Regulations, expressly states that "[t]he authority to grant the equitable relief, referred to in paragraphs (a) and (b) of this section, has not been delegated to and is reserved to the Secretary." The Court holds that section 503 does not authorize the Secretary pay interest on past due benefits.

### C. Equitable Relief

The veteran requests, in the alternative, that the Court direct the Board to order the Secretary, under his equitable powers, to adjust his past due benefits award to include the payment of interest. Appellant's Br. at 16-18. It is well established that this Court is a court of law, and not of equity, and we cannot provide equitable relief. *Taylor v. West*, 11 Vet.App. 436, 440 (1998). The Secretary's authority to grant equitable relief under section 503 is wholly within the Secretary's

5

discretion, and the Court lacks jurisdiction even to review the exercise of the Secretary's equity discretion. *Zimick v. West*, 11 Vet.App. 45, 50-51 (1998). Since the authority to grant equitable relief is discretionary the Court will not remand a matter on that ground. *Erspamer v. Brown*, 9 Vet.App. 507, 512 (1996). The Court also does not have the power to compel the Secretary to exercise his authority to grant equitable relief as the veteran requests. *Zimick*, 11 Vet.App. at 50-51.

Even if the Secretary were inclined to grant the veteran equitable relief, he would not lawfully be permitted to do so. Because "the remedy sought is a monetary award against the U.S. government, and particularly where Congress has enacted an intricate and all-encompassing statutory scheme, such expenditures must be specifically authorized by statute." *Malone v. Gober*, 10 Vet.App. 539, 542 (1997)*; see also OPM v. Richmond*, 496 U.S. 414, 424 ("[T]he payment of money from the [Federal] Treasury must be authorized by statute.").

Congress has enacted a comprehensive statutory scheme for the payment of veterans benefits. In this case, there is no statute or regulation that authorizes the Secretary to pay interest on past due benefits under any circumstances, to include the exercise of his equitable powers.

The Court finds that the recent enactment of the VCAA, referenced *supra*, does not affect the issue decided in this case concerning whether a federal statute allows the payment of interest on past due benefits. Therefore, there is no reason to consider the VCAA in deciding this case.

### III. CONCLUSION

After consideration of the appellant's brief, the Secretary's brief, and the record, the Court holds that the appellant has not demonstrated that the Board committed either legal or factual error which would warrant reversal or remand with respect to the payment on interest on the veteran's past due claims. Section 503(a) does not expressly authorize the Secretary to pay interest on past due claims; therefore, the veteran is not entitled such a payment. The Court is also satisfied that the Board decision fulfills the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1). Accordingly, the December 16, 1997, Board decision is AFFIRMED.