# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-51

Wayne Livesay,                                              Appellant,

    v.

Anthony J. Principi,
Secretary of Veterans Affairs,                              Appellee.

Before KRAMER, *Chief Judge*, and FARLEY,
HOLDAWAY, IVERS, STEINBERG, and GREENE, *Judges.*

## O R D E R

Veteran Wayne Livesay appeals, pro se, two December 23, 1999, Board of Veterans' Appeals (Board) decisions. In the first decision, the Board determined that neither a December 1985 Board decision denying a claim for service connection for a chronic disorder of the larynx nor a November 1987 Board decision denying a claim on reconsideration was the product of clear and unmistakable error (CUE). In the second decision, the Board denied Mr. Livesay's claim for an effective date earlier than January 2, 1997, for his service-connected disorder of the larynx, including laryngeal carcinoma.

While this appeal has been pending, the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), was enacted. The VCAA, among other things, amended 38 U.S.C. § 5103 to clarify VA's duty to notify claimants and their representatives of any information or evidence that is necessary to substantiate their claims. The VCAA also created § 5103A, which specified VA's duty to assist.

On November 15, 2000, this appeal was stayed pending possible arrangements for representation of Mr. Livesay. Thereafter, Mr. Livesay notified the Court that he did not wish to have representation. On December 7, 2000, the Court revoked its November 15, 2000, order and submitted the case to a panel. On February 28, 2001, this case was submitted to the full Court for a decision.

On March 8, 2001, the National Organization of Veterans Advocates (NOVA) filed an unopposed (by either Mr. Livesay or the Secretary) motion for leave to file an amicus brief. On March 19, 2001, the Secretary filed a "Motion for Leave to File a Supplemental Brief and Clarification of the Secretary's Position Regarding NOVA's Motion for Leave to File Amicus Brief."

Upon consideration of the foregoing, it is

ORDERED that NOVA's motion for leave to file an amicus brief is granted. It is further

ORDERED that the Secretary's motion for leave to file a supplemental brief is granted. It is further

ORDERED that, not later than 30 days after the date of this order, the Secretary file with the Court and serve on Mr. Livesay and the amicus curiae a supplemental brief on the potential impact, if any, of the VCAA on Mr. Livesay's claims. *See generally* 38 U.S.C. §§ 5109A, 5110, 7111; *Disabled American Veterans v. Gober*, 234 F.3d 682 (Fed. Cir. 2000); *Holliday v. Principi*, __ Vet.App. __, No. 99-1788, 2001 WL 179824 (Feb. 22, 2001); *Smith (Claudus) v. Gober*, 14 Vet.App. 227 (2000); *cf. Pierce v. Principi*, _ F.3d _, No. 00-7060 (Fed. Cir., Feb. 14, 2001). It is further

ORDERED that, not later than 15 days after service of the Secretary's supplemental brief, Mr. Livesay may file a reply thereto addressing the same issue stated above. It is further

ORDERED that NOVA file an amicus brief within the same time period allotted to Mr. Livesay in the preceding paragraph.

DATED:      April 19, 2001                                    PER CURIAM.


IVERS, *Judge*, concurring: I concur in the briefing order, but write separately to remind the parties and amicus curiae that CUE, as set out in a longstanding line of case law from this Court, and a similar line of case law from the U.S. Court of Appeals for the Federal Circuit, is a collateral attack on a final decision, and not a claim for benefits as defined in parts II and III of title 38. *See Disabled American Veterans v. Gober*, 234 F.3d 682, 686 (Fed. Cir. 2000); *Bustos v. West*, 179 F.3d 1378, 1380 (Fed. Cir.), *cert. denied*, 120 S.Ct. 405 (1999); *Smith v. Brown*, 35 F.3d 1516, (Fed. Cir. 1994); *Cole v. West*, 13 Vet.App. 268, 276 (1999); *Donovan v. Gober*, 10 Vet.App. 404, 407 (1997); *Fugo v. Brown*, 6 Vet.App. 40, 44 (1993).

I also wish to set forth for the parties and the amicus the position concerning CUE and the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) [hereinafter VCAA] as stated by the Secretary in the supplemental brief in *Holliday*:

> In this regard, the [Secretary] asserts that there are certain classes of cases which by their nature, generally do not fall under the new provisions and thus do not require readjudication due to the requirements added by the VCAA and any regulations promulgated pursuant thereto. These cases fall into at least three broad categories:

2

1. Those cases where there is no dispute over the facts, cases which are controlled solely by the law, such as *Sabonis v. Brown*, 6 Vet.App. 426, 430 (1994), cases "where the law and not the evidence is dispositive." *See Smith (Claude)* [sic] *v. Gober*, [14 Vet.App. 227 (2000)] (Court determined that the VCAA did not affect the issue concerning whether a federal statute allows the payment of interest on past due benefits and need not be considered).

2. Those cases in which the adjudicator is required to consider the case on the basis of the law and evidence that were in existence at a time in the past. ***This would include claims of clear and unmistakable error (CUE),*** most claims for an earlier effective date and survivors' claims for accrued benefits, etc. In such cases, further development of the evidence now could not change the prior decision, which must be based upon the evidence then of record.

3. Those cases in which it is obvious that all possible relevant evidence has already been obtained or the failure to obtain it fully accounted for, so as to obviate the need for any further assistance or notification. Such cases, the [Secretary] believes, would fall under this Court's rationale in *Soyini v. Derwinski*, 1 Vet.App. 540, 546 (1991), where the Court affirmed a BVA decision despite its failure to provide sufficient reasons or bases because "strict adherence [to a procedural legal requirement] does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case. Such adherence would result in this Court's unnecessarily imposing additional burdens on the BVA and DVA with no benefit flowing to the veteran."

The preceding cases either do not fall within the scope of the provisions of the new NDAA/VCAA [Floyd D. Spence National Defense Authorization Act of 2000/Veterans Claims Assistance Act of 2000] or do not require readjudication under them. The NDAA/VCAA provisions generally involve the obtaining of evidence to substantiate an appellant's claim. For the claims described above there is no new evidence to obtain and readjudication under the new provisions would be pointless.

Secretary's Supplemental Brief at 13-15 in *Holliday v. Principi*, __ Vet.App. __, No. 99-1788 (Feb. 22, 2001) (emphasis added). During oral argument in *Holliday*, counsel for the Secretary, at the urging of the panel members, made what I consider to be ill-advised concessions with respect to the positions taken in the brief, especially as to CUE. These concessions were, I might add, on issues having nothing to do with the underlying case. Having said that, I now look forward to an opportunity to review the briefs submitted by the parties and amicus curiae.