Citation Nr: 1456903 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 09-21 581 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Whether the Appellant may be recognized as the Veteran's surviving spouse for the purposes of receiving VA death benefits.


REPRESENTATION

Appellant represented by: Alabama Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

Appellant, Mr. J.S., Jr., and Ms. B.N.


ATTORNEY FOR THE BOARD

K. K. Buckley, Counsel


INTRODUCTION

The Veteran served on active duty from April 1969 to April 1971. He died in July 2003. The Appellant is his former spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2008 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

In October 2014, the Appellant presented sworn testimony during a personal hearing in Montgomery, Alabama, which was chaired by the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the Veteran's VA claims file.


FINDINGS OF FACT

1. The Appellant and the Veteran were married from January 1974 until January 1996, when they divorced.

2. The Appellant and the Veteran were not married at the time of the Veteran's death in July 2003.



CONCLUSION OF LAW

The criteria for recognition of the appellant as the surviving spouse of the Veteran for purposes of consideration for VA death benefits are not met. 38 U.S.C.A. 
§§ 101, 103, 5107 (West 2014); 38 C.F.R. §§ 3.1, 3.50, 3.52, 3.54, 3.102 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). However, when the interpretation of a statute is dispositive of the issue on appeal, neither the duty to notify, nor the duty to assist, provisions of the VCAA are applicable. See Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001), & Smith v. Gober, 14 Vet. App. 227, 231-232 (2000). In this regard, there is no further assistance that would be reasonably likely to assist the Appellant in substantiating the claim. 38 U.S.C.A. § 5103A(a)(2).

II. Analysis

Benefits may be paid to the surviving spouse of a veteran if certain requirements are met. 38 U.S.C.A. §§ 1304, 1310, 1311, 1318, 1541 (West 2014). A "surviving spouse" is defined as a person who was the spouse of a veteran at the time of the veteran's death, and who lived with the veteran continuously from the date of marriage to the date of the veteran's death (except where there was a separation which was due to the misconduct of, or procured by, the veteran without the fault of the spouse) and who has not remarried or (in cases not involving remarriage) has not since the death of the veteran lived with another person and held himself or herself out openly to the public to be the spouse of such other person. 38 U.S.C.A. § 101(3) (West 2014); 38 C.F.R. § 3.50 (2014).

The facts in this case are not in dispute. The Appellant has acknowledged that she and the Veteran divorced in 1996 and she was not married to him at the time of his death in 2003. The Appellant provided testimony and evidence that she divorced the Veteran because he was physically, sexually, and emotionally abusive throughout their marriage. See, e.g., the October 2014 Board hearing transcript; the Appellant's statement dated June 2008, & the Judgment of Divorce dated January 1996. Crucially, the law clearly requires that a surviving spouse be married to the Veteran at the time of his death in order to be considered the surviving spouse. As the Appellant was not married to the Veteran at the time of his death, the Appellant is not the Veteran's surviving spouse for the purpose of establishing entitlement to certain VA benefits. 38 C.F.R. §§ 3.1(j), 3.50 (2014).

Although there are exceptions to the requirement that an appellant have lived continuously with a veteran from the time of the marriage to the time of that veteran's death, these exceptions only apply in instances where a veteran and an appellant were still legally married at the time of the veteran's death. See 38 C.F.R. § 3.53 (2014). There is no exception to the requirement that an appellant have been married to a veteran at the time of the veteran's death in order to be considered a surviving spouse.

The Board is deeply sympathetic to the Appellant, particularly in light of her personal testimony and lay statements. However, where the law and not the evidence is dispositive, the appeal must be denied for failure to state a claim upon which relief may be granted. Sabonis v. Brown, 6 Vet. App. 426 (1994). The Board therefore has no alternative but to deny the Appellant's claim as she does not meet the legal criteria to establish status as the Veteran's surviving spouse for purposes of VA death pension benefits.


ORDER

Entitlement to recognition of the Appellant as the surviving spouse for purposes of establishing eligibility for VA death benefits is denied.



____________________________________________
SONNET BUSH
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs