Citation Nr: 1602618 
Decision Date: 01/28/16 Archive Date: 02/05/16

DOCKET NO. 13-20 728 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to an increased rate of Dependency and Indemnity Compensation (DIC) under the provisions of 38 U.S.C.A. § 1311(a)(2). 


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Connolly, Counsel



INTRODUCTION

The Veteran served on active duty from December 1967 to February 1971. The Veteran died in May 2010. The Appellant is his surviving spouse. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a November 2010 determination of the Winston-Salem, North Carolina, Regional Office (RO) of the Department of Veterans Affairs (VA). In December 2015, the Appellant testified at a hearing before the undersigned from the RO via video conference.


FINDINGS OF FACT

1. In a January 2004 rating decision, entitlement to a total disability rating based on individual unemployability was granted effective August 28 2002.

2. The Veteran died in May 2010. 

3. The Veteran was not in receipt of, nor was he entitled to receive, compensation for a service-connected disability that was rated totally disabling for a continuous period of at least eight years immediately preceding his death.


CONCLUSION OF LAW

The criteria for entitlement to an increased rate of DIC have not been met. 38 U.S.C.A. §§ 1311, 1318 (West 2014); 38 C.F.R. §§ 3.5, 3.21 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The United States Court of Appeal for Veterans Claims (Court) has held, that the Veterans Claims Assistance Act is inapplicable to matters of pure statutory interpretation such as this case. See Smith v. Gober, 14 Vet. App. 227, 231-32 (2000). 

In a January 2004 rating decision, service connection for cirrhosis of liver with esophageal varices (status post-operative) and portal hypertension was granted and assigned a 50 percent rating, from August 28, 2002. When combined with the other service-connected disabilities, the combined disability was 80 percent, also from August 28, 2002 (previously overall 20 percent disabling). The Veteran was also granted entitlement to a TDIU based on his cirrhosis of liver with esophageal varices and portal hypertension as well as his posttraumatic stress disorder (rated as 50 percent disabling from August 28, 2002). The TDIU was effective August 28, 2002.

The Veteran died in May 2010. There were no claims pending when the Veteran died. After his death, the Appellant, his surviving spouse, submitted a claim of service connection for the cause of the Veteran's death which was granted in an October 2010 rating decision. In November 2010, the Appellant was advised of the award and of her rate of DIC benefits which were payable from June 1, 2010. The Appellant was awarded benefits pursuant to the basic DIC rate set forth in 38 U.S.C.A. § 1311(a)(1) that was effective December 1, 2009, in the amount of $1,154.00 monthly.

The Appellant contends that she is entitled to an additional $246.00 per month in DIC benefits. 

DIC is payable to a veteran's surviving spouse when a veteran dies from a service-connected disability. 38 U.S.C.A. §§ 1310, 1318; 38 C.F.R. § 3.5(a). The rate of DIC payments is determined under 38 U.S.C.A. § 1311, which provides that DIC shall be paid to a surviving spouse at the basic monthly rate. 38 C.F.R. § 1311(a)(1). The rate of DIC under paragraph (1) of 38 C.F.R. § 1311(a)(1) shall be increased by an additional allowance ($246 when the Appellant's DIC claim was granted) in the case of the death of a veteran who at the time of death was in receipt of or was entitled to receive (or but for the receipt of retired pay or retirement pay was entitled to receive) compensation for a service-connected disability that was rated totally disabling for a continuous period of at least eight years immediately preceding death. Only the periods in which the Veteran was married to the surviving spouse shall be considered. See 38 C.F.R. § 1311(a)(2).

Based on 38 U.S.C.A. § 1311(a)(2), the Appellant is not entitled to additional DIC benefits of $246.

A marriage certificate shows that the Veteran and the Appellant married in March 1971 and were married when the Veteran died in May 2010. Thus, they were married for over eight years when he died. However, the Veteran was not in receipt of, nor was he entitled to receive, service connection for a disability that was rated totally disabling for a continuous period of at least eight years immediately preceding his death. The effective date of service connection for cirrhosis of liver with esophageal varices and portal hypertension as well as post-traumatic stress disorder was August 28, 2002, also the date of the TDIU based on those disabilities. Thus, the Appellant is not entitled to the additional rate of DIC under paragraph (1) of 38 C.F.R. § 1311(a)(2). 

The Appellant is receiving the maximum monthly DIC entitlement amount which is allowed under relevant law. The claim must be denied as a matter of law. Sabonis v. Brown, 6 Vet. App. 426 (1994). 



ORDER

Entitlement to an increased rate of DIC under the provisions of 38 U.S.C.A. § 1311(a)(2) is denied. 



____________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs