Citation Nr: 1736709 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 12-29 728 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUE

Entitlement to a rating in excess of 20 percent for diabetes mellitus type II with erectile dysfunction.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

T. Jiggetts, Associate Counsel



INTRODUCTION

The Veteran served on active duty from September 1968 to September 1970 in the United States Army. He served in Vietnam and received a Purple Heart and Combat Infantry Badge.

In an August 2005 rating decision, the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan, among other things, granted service connection for diabetes mellitus with an evaluation of 10 percent effective July 22, 2003. That rating decision became final. Years later, the Veteran filed a claim for an increased rating for diabetes. Following a March 2011 VA examination, in an October 2011 rating decision the RO increased the rating for the service connected diabetes mellitus, now characterized as diabetes mellitus with erectile dysfunction, to 20 percent. The Veteran timely appealed.

The Veteran had requested a local Travel Board hearing, and one was scheduled for May 5, 2016. However, on May 4, 2016, the Veteran cancelled the hearing, and requested the Board make a decision on his appeal.

In July 2016, when this appeal initially came before the Board of Veterans' Appeals (Board), the Board remanded for further evidentiary development and adjudication. In that remand, the Board instructed the agency of original jurisdiction (AOJ) to obtain updated VA treatment records, schedule the Veteran for a VA examination, and then re-adjudicate the claim. The AOJ obtained the identified VA records and scheduled the Veteran for a VA examination, which was conducted in September 2016. An addendum to the VA examination was obtained in February 2017 from the same examiner. The AOJ then provided the Veteran with a supplemental statement of the case (SSOC) in April 2017, in which his claim was re-adjudicated. Thus, there has been compliance with the Board's remand instructions. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

As the disability rating assigned during the pendency of this appeal does not represent a total grant of benefits, the claim for an increase remains before the Board. AB v Brown, 6 Vet. App. 35, 39 (1993).
FINDING OF FACT

Since January 7, 2010, the Veteran's diabetes mellitus type II with erectile dysfunction has required oral hypoglycemic agents and a restricted diet, but does not require insulin or regulation of activities.


CONCLUSION OF LAW

For the entirety of the rating period on appeal, the criteria for a disability rating in excess of 20 percent for diabetes mellitus type II with erectile dysfunction have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.3, 4.119, Diagnostic Code 7913 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

The Board finds that the VA's duty to notify was satisfied by a letter dated in February 2011. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. § 3.159 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

The Board also finds that the VA's duty to assist requirements have been fulfilled. All relevant, identified, and available evidence has been obtained, and VA has notified the Veteran of any evidence that could not be obtained. The Veteran has not referred to any additional, unobtained, relevant, available evidence. VA obtained an examination with respect to the claim decided herein in September 2016. The Board finds the examination, and its addendum dated in February 2017, to be adequate for rating purposes, as the examiner reviewed the file and addressed the Veteran's symptoms. Thus, the Board finds that VA has satisfied the duty to assist provisions of law. No further notice or assistance to the Veteran is required to fulfill VA's duty to assist in development. Smith v. Gober, 14 Vet. App. 227 (2000); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 

Rating in Excess of 20 Percent for 
Diabetes Mellitus Type II with Erectile Dysfunction

Disability evaluations are determined by the application of the Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4 (2016). The percentage ratings contained in the Rating Schedule represent, as far as can practicably be determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual disorders in civil occupations. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.321(a), 4.1 (2016).

Diabetes mellitus is rated under 38 C.F.R. § 4.119, Diagnostic Code 7913, which provides that a 20 percent rating is warranted when insulin and a restricted diet, or an oral hypoglycemic agent and a restricted diet are required. 

A 40 percent rating is warranted when insulin, a restricted diet, and regulation of activities are required. 

A 60 percent rating is warranted when insulin, a restricted diet, and regulation of activities are required, with episodes of ketoacidosis or hypoglycemic reactions requiring 1 or 2 hospitalizations per year or twice a month visits to a diabetic care provider, plus complications that would not be compensable if separately evaluated.

A 100 percent rating is warranted when more than one daily injection of insulin, a restricted diet, and regulation of activities (avoidance of strenuous occupational and recreational activities) are required, with episodes of ketoacidosis or hypoglycemic reactions requiring at least 3 hospitalizations per year or weekly visits to a diabetic care provider, plus either progressive loss of weight and strength or complications that would be compensable if separately evaluated. 

Compensable complications of diabetes are evaluated separately unless they are part of the criteria used to support a 100 percent evaluation. Noncompensable complications are considered part of the diabetic process under Code 7913. 38 C.F.R. § 4.119, Diagnostic Code 7913, Note 1 (2016). 

As mentioned, here, the Veteran seeks an increased rating for his diabetes mellitus type II with erectile dysfunction, claiming his conditioned has worsened.

A VA examination in conjunction with the Veteran's claim was conducted in March 2011. At that time, the Veteran was noted to take metformin orally to control his diabetes but was not taking insulin. He reported that he had been instructed to follow a special diet but was not restricted in his ability to perform strenuous activities. The examiner noted that no episodes of hypoglycemia reactions or ketoacidosis had occurred and found no complications of diabetes mellitus other than those already service-connected.

A new VA examination was obtained in September 2016. The examiner noted that the Veteran's diagnosed diabetes mellitus type II requires a prescribed oral hypoglycemic agent and seeing a diabetic care provider for episodes of ketoacidosis or hypoglycemia less than 2 times per month; but does not require regulation of activities. The examiner also noted that there have been no hospitalizations for episodes of ketoacidosis or hypoglycemic reactions over the past 12 months and no weight loss or loss of strength attributable to diabetes mellitus. The examiner found no other complications. The examiner opined that the Veteran's diabetes has remained stable. The examiner's rationale was based on the fact that the Veteran has been on the same dose of metformin since his diabetes was diagnosed in 2004; and that his VA primary care medical note dated in April 2016 evidences "Type II diabetes mellitus no complications." In a February 2017 addendum to this VA examination, the examiner added that the Veteran's erectile dysfunction was not caused by or a result of diabetes mellitus, type 2. As rationale, the examiner states erectile dysfunction is a part of the normal aging process; and the Veteran's VA primary care medical records evidence no complication of diabetes mellitus type 2.

VA treatment records from Saginaw VAMC, dated January 2010 to April 2016, reflect the Veteran's diabetes has been managed by a prescribed oral hypoglycemic agent (metformin). Although an April 2013 record reflects the Veteran had classical symptoms of uncontrolled diabetes, it appears this was because the Veteran had not taken his medications for several months, stating he was taking several different herbs and "natural" remedies for his diabetes and other conditions. The examiner stated the Veteran may probably need insulin, but the Veteran declined and was placed back on the previous medication (metformin). Later records reflect no further incidents of this nature, and the Veteran continues to be prescribed metaformin and take it as indicated. An April 2016 treatment note reflects the Veteran has "Type 2 diabetes mellitus no complications" (which was referenced by the examiner in the Veteran's September 2016 VA examination). Importantly, no reference is made in any of these treatment records to erectile dysfunction. 

Upon consideration of the March 2011 and September 2016 VA examinations, the February 2017 addendum, and the Veteran's VA treatment records at the Saginaw VAMC since January 2010, the Board finds that the evidence of record establishes that treatment of the Veteran's diabetes mellitus has been consistent throughout the appellate period. The evidence makes clear that the Veteran's diabetes mellitus has been managed by a restricted diet and an oral hypoglycemic agent (metaformin), and has not required insulin at any point during the appeal period. Moreover, the evidence does not show that the Veteran is required to regulate his activities. The Court has explained that the term "regulation of activities" means that a claimant must have a medical need to avoid not only strenuous occupational activity, but also strenuous recreational activity. Camacho v. Nicholson, 21 Vet. App. 360, 363 (2007). Medical evidence is required to show that occupational and recreational activities have been restricted. Id. at 364. That is not the case here. As such, the Board finds that the Veteran's symptoms are substantially similar to those enumerated in the 20 percent rating for the entire period at issue.

The Board finds that a higher rating of 40, 60 or 100 percent is not appropriate in this case at any point during the appeal period. This is so because the record does not reflect a time when the Veteran required insulin, required regulation of activities, or required hospitalization after episodes of ketoacidosis or hypoglycemic reactions. Therefore, a rating higher than 20 percent is not warranted for this Veteran's diabetes mellitus type II with erectile dysfunction at any point during the appeal period. 38 C.F.R. § 4.119, Diagnostic Code 793 (2016).
ORDER

A rating in excess of 20 percent for diabetes mellitus type II with erectile dysfunction is denied.




____________________________________________
CAROLINE B. FLEMING
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs