Citation Nr: 1829354 
Decision Date: 05/29/18 Archive Date: 06/12/18

DOCKET NO. 13-00 335A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUE

Entitlement to payment of benefits under the Veterans Retraining Assistance Program (VRAP) for training at the School of PE.


REPRESENTATION

Veteran represented by: Florida Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Espinoza, Associate Counsel 

INTRODUCTION

The Veteran served on active duty from September 1974 to October 1975.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2012 administrative decision of the Department of Veterans Affairs (VA) Regional Office (RO) and Education Center in Buffalo, New York, which granted basic eligibility under the VRAP, but denied payment for the requested program of education at the School of PE. Jurisdiction currently rests with the RO in St. Petersburg, Florida as the Veteran resides within such. 

This matter was previously before the Board in December 2014 and February 2017 when the Board remanded the claim for compliance with due process requirements.

In January 2018, the Veteran presented testimony at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of this hearing is of record.

In December 2017 correspondence, the RO notified the Veteran his appeal was returned to the Board of Veterans' Appeals for disposition. On January 22, 2018, VA received from the Veteran, a VA Form 21-22, Appointment of Veterans Service Organization as Claimant's Representative, was received by VA, designating Florida Department of Veterans Affairs as his representative, and which revoked any prior representation. Such was received prior to January 24, 2018 VA correspondence to the Veteran, which in part, informed him that he had 90 days from the date of the letter or until the Board issued a decision in his appeal to request a change in representation. Therefore, the Board recognizes Florida Department of Veterans Affairs as the Veteran's representative.

Since the most recent May 2013 Supplement Statement of the Case, issued for the appeal herein, additional evidence in the form of a January 2015 letter from the Florida Board of Professional Engineers was received, which stated, in pertinent part, that the School of PE had been approved as a continuing education provider for period beginning on January 27, 2014 and ending on May 31, 2015. Here, the Veteran's Substantive Appeal for the relevant issue was filed prior February 2, 2013, and the record does not reflect the Veteran waived consideration by the Agency of Original Jurisdiction (AOJ) of this additional evidence. See 38 C.F.R. § 20.1304 (c) (2017). However, the Veteran's present claim turns on the School of PE was approved by the State Approving Agency (SAA) at any point during the appeal period. Consequently, the Board finds that remand to the AOJ for a Supplemental Statement of the Case reflecting consideration of this evidence is not warranted. See 38 C.F.R. §§ 19.31, 19.37, 20.1304 (2017).


FINDINGS OF FACT

1. In June 2012, the Veteran applied for VRAP benefits to attend training at the School of PE to prepare for a professional engineering license examination. 

2. The School of PE was not approved by the SAA as a VA-approved institution at any point during the appeal period.

3. VA's authority to issue VRAP payments ended March 31, 2014.


CONCLUSION OF LAW

The criteria to establish entitlement to payment of benefits under VRAP in pursuit of training at the School of PE are not met. VOW to Hire Heroes Act of 2011, Pub. L. No. 112-56, 125 Stat. 713, § 211(b) (Nov. 21, 2011); 38 U.S.C. §§ 3670 -3699, 5107(b) (West 2012); 38 C.F.R. §§ 3.102, 21.4001 -21.4280 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

As this case involves a legal question rather than a factual determination, the Veterans Claims Assistance Act (VCAA) is not applicable to this appeal. See Smith v. Gober, 14 Vet. App. 227, 231-32 (2000). This notwithstanding, the record reflects that VA has made considerable efforts to notify and assist the Veteran in substantiating his claim, including pursuant to 38 C.F.R. § 3.103 (c)(2) and Bryant v. Shinseki, 23 Vet App 488 (2010). Additionally, there has been substantial compliance with the Board's prior remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

In June 2012, the Veteran sought VRAP benefits to attend training at the School of PE to prepare for an examination in pursuit of a professional engineering license. Essentially the Veteran contends that although the school of PE was not initially certified under the VRAP, resulting in a denial of his application, his claim was in appellate status when the School of PE was subsequently certified, thus he should still be entitled to benefits, notwithstanding the cessation of the program. In this regard, the VRAP ended on March 31, 2014; however, as the Veteran's appeal for this benefit was pending prior to this date, a decision on whether he is eligible for retroactive VRAP benefits is warranted.

In support of his claim, in his July 2012 Notice of Disagreement (NOD), the Veteran attached an examination approval notice. Specifically, the Veteran provided a July 2012 email which reported, in part, the Florida Board of Professional Engineers had contracted NCEES Exam Administration Services for the administration of the Fundamentals Examination and the Veteran's application for the October 2012 examination had been approved. Thereafter, in his January 2013 Substantive Appeal, the Veteran explained that there was no community college or technical school in his area that provided the specialized training and that the School of PE was accredited by the regional accreditation authority for this type of pre-license training as provided in his NOD. In January 2013, the Veteran submitted an email dated in January 2013 from the School of PE along with a certificate from The International Association for Continuing Education and Training which recognized the School of PE as an approved authorized provider of continuing education and training during the period of May 1, 2012 to April 30, 2017. In a May 2013 statement, the Veteran reiterated that the School of PE was the only school which provided in depth specific training near his area and he also indicated that part of the training would occur at Hillsborough Community College, but that they did not offer all the necessary courses. 

In statement dated in January 2015, the Veteran reported, in part, the Florida Board of Professional Engineers approved the School of PE as a review course. In support of such, the Veteran submitted a January 2015 letter from the Florida Board of Professional Engineers, which stated, in pertinent part, that the School of PE has been approved as a continuing education provider for period beginning on January 27, 2014 and ending on May 31, 2015. In January 2018 testimony, the Veteran reiterated that the School of PE was accredited and approved by the Florida Board of Professional Engineers. 

The VRAP is a component of the VOW to Hire Heroes Act of 2011, passed by Congress, signed into law by the President, and is set forth as a note in 38 U.S.C. § 4100. VRAP offered up to 12 months of training assistance to unemployed Veterans. The pertinent provisions of (b) and (k) of the VRAP are as follows: 

(b) Retraining assistance.--Except as provided by subsection (k) [establishing the VRAP program's termination date as March 31, 2014], each veteran who participates in the program established under subsection (a)(1) shall be entitled to up to 12 months of retraining assistance provided by the Secretary of Veterans Affairs. Such retraining assistance may only be used by the veteran to pursue a program of education (as such term is defined in section 3452(b) of title 38, United States Code) for training, on a full-time basis, that-
(1) is approved under chapter 36 of such title [38 U.S.C. § 3670 et seq.]; 
(2) is offered by a community college or technical school; 
(3) leads to an associate degree or a certificate (or other similar evidence of the completion of the program of education or training); 
(4) is designed to provide training for a high-demand occupation, as determined by the Commissioner of Labor Statistics; and 
(5) begins on or after July 1, 2012.

(k) Termination of authority. The authority to make payments under this section shall terminate on March 31, 2014.

As referenced in the provisions above, administration of educational benefits are codified at 38 U.S.C. §§ 3670 -3699 with implementing regulations found at 38 C.F.R. §§ 21.4001 -21.4280. Of particular relevance in this case, if an educational institution offers a resident course in a State, only the State approving agency for the State where the course is being offered may approve the course for VA training. 38 C.F.R. § 21.4250 (a)(1) (2017). 

With the above laws and regulations in mind, the Board first notes that it is not materially in dispute that the Veteran meets the threshold eligibility requirements for participation as set forth in relevant portion of the VRAP. The Board will also concede for the purpose of this decision that the program, which the Veteran's June 2012 application identifies as training in pursuit of a professional engineering license, that such qualifies as training for a high-demand occupation. VRAP High Demand Occupations, https://benefits.va.gov/vow/docs/VRAP_High_Demand.pdf (last visited March 9, 2018).

However, because the school for which the Veteran is seeking VRAP benefits was not approved by the SAA for the State in which the educational institution was located and because VA's authority to issue VRAP payments ended March 31, 2014, the claim must be denied. 

In review of the evidence, the record reflects the School of PE is located in Dublin, Ohio, which is consistent with the Veteran's May 2012 application for benefits, although the Board recognizes during his January 2018 testimony, the Veteran indicated that the training would be taken within the State of Florida. In this regard, in addition to the regulation cited above, if an education institution with a main campus in a State offers a resident course not located in a State, only the State where the educational institution's main campus is located may approve the course for VA training. 38 C.F.R. § 21.4250(a)(2). Thus, in this case, the School of PE must be approved by the SAA for Ohio, specifically the Ohio Department of Veterans Services. 

Furthermore, the record reflects a May 2013 search of VA's Web Enhanced Approval Management System (WEAMS), which provides an approval list of courses, found the Fundamentals of Engineering examination was approved as of August 21, 2002. However, at issue here is payment of the training to prepare for the examination not payment of any examination related fees itself. Cf 38 C.F.R. § 21.4250 (a)(6).

Other documentation within the record includes two May 2012 emails from Veterans Benefits Administration (VBA) employees which stated, in part, the School of PE was not listed in WEAMS. Also of record is a May 2012 email response from the Ohio SAA, specifically the Deputy Director of the Ohio VA Department of Veterans Services, who stated that he did not find anything in their database for School of PE but did indicate further steps as to certification would be undertaken. The record does not contain any further indication that the School of PE was approved by the Ohio SAA. In this regard, a current general inquiry into the WEAMS database does not find any entry for the School of PE. 

Thus, the evidence of record does not reflect the School of PE was approved by the SAA at any point during the appeal period nor had the Veteran contended such. Instead the Veteran asserts that the School of PE was accredited by The International Association for Continuing Education and Training, or in the alternative, by the Florida Board of Professional Engineers. While the Board recognizes the School of PE did obtain accreditations and certifications as indicated by the Veteran, such are unfortunately immaterial; as the evidence does not demonstrate the necessary SAA approved the School of PE for during the appellate period, and thus, reimbursement cannot be made under the laws and regulations administered by VA.

Furthermore, notwithstanding the prohibition discussed above, VA's authority to make payments under VRAP terminated on March 31, 2014. See Pub. L. No. 112-56, 125 Stat. 713, § 211(k) (November 21, 2011). Here, it is undisputed that the Veteran did not receive any payment for VRAP benefits although he was eligible. However, the law does not provide for any extension of VRAP benefits after March 31, 2014 and the Veteran was notified in his June 2012 administrative decision that he had until April 1, 2014 to use his benefits under this program. Therefore, VA may not grant the claim for VRAP educational benefit even though that the Veteran applied for the benefit prior to March 31, 2014. 

The Board appreciates that the Veteran's sincere contentions that there were no other community colleges or technical schools in his area that were able to provide the necessary training and that the School of PE was accredited, certified, or approved by entities other than the Ohio SAA. While the Board is sympathetic toward the Veteran, the Board is bound by law, and its decision is dictated by the relevant statutes and regulations; specifically, the Board has no authority to approve payment of benefits in this case. Sabonis v. Brown, 6 Vet. App. 426 (1994). Accordingly, entitlement to payment of benefits under the VRAP for training at the School of PE is denied.


ORDER

Entitlement to payment of benefits under the VRAP for training at the School of PE is denied.



____________________________________________
ANTHONY C. SCIRÉ, JR.
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs