﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 190923-32655
DATE: September 30, 2020

ORDER

Entitlement to an effective date of December 9, 2014, for the grant of a total disability due to individual unemployability (TDIU) is granted.

Entitlement to an effective date of December 9, 2014 for basic eligibility to Dependents Educational Assistance (DEA) benefits is granted.

FINDINGS OF FACT

1. For the period on and after December 9, 2014, the Veteran’s service-connected disabilities combined to cause him to be unable to obtain and maintain gainful employment.

2. As entitlement to a TDIU is granted herein as of December 9, 2014, basic eligibility for DEA benefits have been met as of that date.

CONCLUSIONS OF LAW

1. The criteria for an award of TDIU due to service-connected disabilities on and after December 9, 2014, have been met. 38 U.S.C. §§ 1110, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a), 3.340, 4.16. 

2. The criteria for the award of basic eligibility for Dependents’ Educational Assistance benefits on and after December 9, 2014, have been met. 38 U.S.C. §§ 3500, 3501, 3510; 38 C.F.R. § 21.3021.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1996 to January 1999 and from January 2001 to February 2004.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA) decision on their claim to seek review.

The relevant procedural history of this appeal shows that in March 2012 and again in September 2017, the Board of Veterans’ Appeals (Board) remanded the issue of entitlement to a TDIU. The requested development was completed, and in a July 2019 rating decision, the RO granted TDIU and eligibility for Dependents’ Educational Assistance (DEA) benefits, both effective May 20, 2019. 

In June 2019, the Veteran filed a Form 10182 – Decision Review Request: Board Appeal, choosing to continue his appeal via Direct Review by a Veterans Law Judge under the AMA. The Veteran seeks earlier effective dates for the award of TDIU and DEA benefits. Because the Veteran requested direct review by the Board without submission of additional evidence and without a Board hearing, the Board's decision is based on a review of the evidence of record at the time of the July 2019 rating decision. See 38 C.F.R. § 20.301.

Duty to Notify and Assist

The Veteran has not raised any issues with the duty to notify. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board... to search the record and address procedural arguments when the veteran fails to raise them before the Board”).

The Board also finds that the duty to assist requirements have been fulfilled. All relevant, identified, and available evidence has been obtained, and VA has notified the appellant of any evidence that could not be obtained. Also of record are VA examinations conducted in December 2014 and June 2019.

The Veteran has not referred to any additional, unobtained, relevant, available evidence. Thus, the Board finds that VA has satisfied the duty to assist. No further notice or assistance to the Veteran is required to fulfill VA’s duty to assist in development. Smith v. Gober, 14 Vet. App. 227 (2000); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Quartuccio v. Principi, 16 Vet. App. 183 (2002).

Earlier Effective Date

Generally, the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. When an award is based on a claim to reopen a previously denied claim, the effective date will be the date of receipt of the new (i.e., reopened) claim or the date entitlement arose, whichever is later, unless new and material evidence was received within the relevant appeal period. 38 C.F.R. § 3.400(q).

In deciding this case based on its application of the law to the pertinent facts, the Board notes that the “date of receipt” of claim means the date on which the claim was received by VA, except as to specific provisions for claims received in the State Department, the Social Security Administration, or the Department of Defense. 38 C.F.R. § 3.1(r).

1. Entitlement to an effective date earlier than May 20, 2019 for the grant of individual unemployability.

VA will grant a TDIU when the evidence shows that a Veteran is precluded, by reason of service-connected disability, from obtaining and maintaining any form of gainful employment consistent with his or her education and occupational experience. See 38 C.F.R. §§ 3.340, 3.341, 4.16 (2018).

Under the applicable regulations, benefits based on individual unemployability are granted only when it is established that the service-connected disability or disabilities are so severe, standing alone, as to prevent the retaining of gainful employment. Under 38 C.F.R. § 4.16, if there is only one such disability, it must be rated at least 60 percent disabling to qualify for benefits based on individual unemployability. If there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. See 38 C.F.R. § 4.16(a).

As noted above, the Board determined that TDIU was raised by the record in March 2012, and remanded TDIU for additional development. In a July 2019 rating decision, the RO granted TDIU and DEA benefits effective May 20, 2019. On appeal, the Veteran contends he is entitled to an earlier effective date.

Prior to May 20, 2019, the Veteran was service connected for PTSD, rated as 50 percent disabling; back pain/disc herniation, rated at 10 percent prior to February 20, 2009, at 20 percent from February 20, 2009, to December 9, 2014, and at 40 percent from December 9, 2014; and tinnitus, rated as 10 percent disabling. Together, he had a combined evaluation of 60 percent prior to December 9, 2014, and of 70 percent thereafter. His combined rating was 60 percent prior to December 9, 2014, and 70 percent thereafter. He thus met the schedular requirements for entitlement to a TDIU as of December 9, 2014. Therefore, the Veteran met the schedular criteria for a TDIU rating as of December 9, 2014. See 38 C.F.R. § 4.16(a). 

Nonetheless, the Board must consider both entitlement to TDIU on a schedular basis as of December 9, 2014, and whether the evidence warrants referral to the appropriate VA officials for entitlement to a TDIU on an extraschedular basis under the provisions of 38 C.F.R. § 4.16(b) prior to that date. For a Veteran to prevail on a claim of entitlement to a TDIU, the record must reflect some factor which takes the case outside the norm. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough; the ultimate question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether he can find employment. See Van Hoose v. Brown, 4 Vet. App. 361 (1993). 

In his May 2019 Application for Increased Compensation Based on Unemployability, the Veteran indicated that he became too disabled to work in July 2007 and that “chronic pain” prevents him from securing or following any substantially gainful occupation. He did not refer to a specific service-connected disability. On that form, he reported that he had last worked in 2007 and had two years of college education from 2010 to 2012, although he stated that he was unable to complete his degree due to difficulties being in groups of people in class and problems with focus due to back pain. He stated at his prior employment he fared well because he was able to leave work when ill or when he needed to go to the doctor.

In a March 2009 VA examination of the spine, the examiner noted a diagnosis of early degenerative disc changes at L4-L5 with bulging of the annulus fibrosus. The examiner noted in the written report that the Veteran stated he was unable to work due to back pain. No opinion or statement related to employability was rendered by the examiner.

In a December 9, 2014 VA examination of his back, the Veteran was noted to have a diagnosis of degenerative arthritis of the spine. As it relates to employment, the Veteran was noted to be unemployed, but the examiner stated that his back disorder does not preclude him from gainful employment in a sedentary job not requiring prolonged ambulation, lifting objects from the floor, or prolonged standing. The examiner found that the Veteran could perform a sedentary job with ergonomic accommodations.

In a December 2014 VA examination for PTSD, the examiner stated the Veteran’s symptoms, which included difficulty adapting to stressful circumstances, including work or a work-like setting, resulted in occupational and social impairment with reduced reliability and productivity. The examiner noted that the Veteran stated he did not experience any “significant interpersonal relational difficulties” and assessed the overall level of symptomatology of his PTSD as moderate.

The Veteran submitted a private vocational evaluation in May 2019. The examiner opined that the Veteran’s low back disability, PTSD, and tinnitus combined to render him unemployable as of December 2014. In so finding, the examiner noted the Veteran’s ongoing isolation and avoidance of crowds, his difficulty with anger and concentration, panic attacks, and ongoing back pain. The examiner opined that the combination of the Veteran’s service-connected PTSD, tinnitus, and back disabilities rendered him unable to maintain employment due to difficulty focusing on work, interacting with coworkers and supervisors, and back pain that required sitting and standing for no more than five to ten minutes without change of position. The examiner specifically found the Veteran unable to engage in sedentary employment due to his back pain as of December 2014.

The Veteran’s VA treatment records from the San Juan VAMC and Tampa VAMC are associated with the Veteran’s claim file. In summary, these records reflect diagnosis and treatment for the Veteran’s service-connected disabilities, but none of his treatment providers opined that his service-connected disabilities prevent him from gainful employment prior to May 20, 2019.

Upon review of the medical and lay evidence above, the Board finds, first, that the weight of the evidence establishes that the Veteran was unemployable due only to his service-connected disabilities as of December 9, 2014. 

The Board finds the May 2019 private vocational assessment probative as it is well-reasoned, based on a complete reading of the claims file, and personal interview with the Veteran. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302 (2008). In light of the Veteran’s occupational background and functional limitations, and giving him the benefit of the doubt, the Board finds that as of December 9, 2014, his service-connected disabilities rendered him unable to obtain and maintain any form of substantially gainful employment in accordance with his occupational background and education level. Accordingly, based on all of the foregoing, the Board finds that entitlement to a TDIU is warranted as of December 9, 2014. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

The Board further finds, however, that entitlement to TDIU is not warranted prior to December 9, 2014. In reaching this conclusion, the Board finds that the evidence of record indicates that the Veteran was not prevented from maintaining any substantially gainful employment due to his service-connected disabilities, standing alone, prior to December 9, 2014. 

While the Board does not doubt that the Veteran’s service-connected disabilities, prior to December 9, 2014, had some effect on his employability, as evidenced by his combined 60 percent rating (if they did not, there would be no basis for the 60 percent combined evaluation), the Board concludes that the weight of the evidence simply does not support his contention that his service-connected disabilities, prior to December 9, 2014, were of such severity so as to preclude his participation in any form of substantially gainful employment. The Board finds that the symptomatology associated with the service-connected disabilities, prior to December 9, 2014, was appropriately compensated by the assigned 60 percent combined rating. 

Here, although the Veteran reports he last worked in July 2007, there is no evidence of record that the Veteran was precluded, by reason of service-connected disabilities, from obtaining and maintaining any form of gainful employment for the relevant period on appeal. Here, he reported having attended college on a full-time basis from 2010 to 2012. Although he did not finish his degree, the Board finds this to be persuasive evidence that he was not unable to obtain and maintain gainful employment, or the training necessary to obtain such, for the period prior to December 9, 2014. The Board also notes that while the Veteran is competent to discuss the symptoms of his service-connected disabilities and his perception of their effect on his unemployment, prior to December 9, 2014, his assertions are outweighed by the evidence of record.

The Board reiterates that the Veteran did not meet the percentage requirements for a TDIU on a schedular basis, prior to December 9, 2014. Moreover, as there is no evidence to support a finding that his disabilities are outside the norm (prior to December 9, 2014), the Board finds that referral for extraschedular consideration is not warranted. Van Hoose, 4 Vet. App. 361.

Accordingly, a basis for a grant of a TDIU, prior to December 9, 2014, on an extraschedular basis has not been presented during the appeals period. Thus, the Board finds that the evidence does not demonstrate that the Veteran is unemployable due to his service-connected disabilities prior to December 9, 2014. As such, the preponderance of the evidence is against the Veteran, and the claim for a TDIU, prior to December 9, 2014, must be denied. See 38 C.F.R. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

2. Entitlement to an effective date earlier than May 20, 2019 for basic eligibility to Dependents Educational Assistance (DEA) benefits

For purposes of entitlement to DEA benefits under 38 U.S.C. Chapter 35, basic eligibility exists if, among other things, a veteran was discharged from service under conditions other than dishonorable and is rated permanently and totally disabled due to service-connected disabilities. 38 U.S.C. § 3501; 38 C.F.R. §§ 3.807, 21.3021. 

When the RO granted TDIU effective May 20, 2019, the basic eligibility for DEA was established. DEA benefits may not be awarded prior to the effective date of an award of a permanent and total disability rating. 

Here, the Board is granting an effective date of December 9, 2014, for entitlement to TDIU. Therefore, the Veteran is entitled to an effective date of December 9, 2014, for entitlement to DEA benefits. 38 U.S.C. §§ 3501, 3510. To this extent, the claim is granted. 

However, as the Board herein finds that entitlement to a TDIU is not warranted prior to December 9, 2014, entitlement to DEA benefits is also not warranted prior to that date, as the Veteran is not awarded a permanent and total disability rating prior to December 9, 2014. 

Accordingly, the Board finds that the preponderance of the evidence supports the claim of entitlement to TDIU and DEA benefits as of December 9, 2014. To that extent, the claims are granted. The Board further finds that entitlement to an effective date earlier than December 9, 2014, for TDIU and DEA benefits is not warranted. Therefore, the claim for effective dates earlier than December 9, 2014, for entitlement to TDIU and DEA benefits must be denied. 38 U.S.C. § 5107(b) (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

Caroline Fleming

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Jiggetts, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.