﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 191125-46263
DATE: July 31, 2020

ORDER

Entitlement to service connection for tinnitus is denied.

Entitlement to service connection for bilateral hearing loss is denied.

FINDINGS OF FACT

1. The probative evidence of record does not reflect that the Veteran has a bilateral hearing loss disability was manifested in service, became compensably disabling within a year of separation, or is otherwise related to active service. 

2. The probative evidence of record does not reflect that the Veteran’s tinnitus was manifested in service, became compensably disabling within a year of separation, or is otherwise related to active service.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385.

2. The criteria for service connection for tinnitus have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1974 to March 1978.

In August 2019, the Agency of Original Jurisdiction (AOJ) denied the Veteran’s claims. In September 2019, he requested a Higher-Level Review and provided a duplicative DD-214 and statement from C. L., which also were of record at the time of the August 2019 rating decision. In October 2019, the RO in the Higher-Level Review, denied the claims. The Veteran timely appealed this AMA rating decision, with the submission of Form 10182, to the Board and requested Direct Review by a Veterans Law Judge (VLJ).

The Board notes that prior to the August 2019 rating decision on appeal, VA complied with its duty to notify and assist in the development of a claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff’d, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Quartuccio v. Principi, 16 Vet. App. 183 (2002).

1. Service connection for tinnitus remains denied.

2. Service connection for bilateral hearing loss remains denied.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity for certain diseases, i.e., tinnitus. 38 C.F.R. §§ 3.303, (b), 3.309(a) (2018); Walker v. Shinseki, 708 F.3d 1331(Fed. Cir. 2013). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d). 

To establish service connection for the claimed disorder, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical, or in certain circumstances, lay evidence of a nexus between the claimed in-service disease or injury and the current disability. 38 C.F.R. § 3.303; Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Hickson v. West, 12 Vet. App. 247, 253 (1999); Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). 

The Board must determine the value of all evidence submitted, including lay and medical evidence. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). The evaluation of evidence generally involves a three-step inquiry. First, the Board must determine whether the evidence comes from a “competent” source. The Board must then determine if the evidence is credible or worthy of belief. Barr v. Nicholson, 21 Vet. App. 303, 308 (2007). The third step of this inquiry requires the Board to weigh the probative value of the evidence considering the entirety of the record. 

The standard of proof to be applied in decisions on claims for veterans’ benefits is outlined in 38 U.S.C. § 5107 (2012). A claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. 38 C.F.R. § 3.102. When a claimant seeks benefits and the evidence is in relative equipoise, the claimant prevails. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The preponderance of the evidence must be against the claim for benefits to be denied. Alemany v. Brown, 9 Vet. App. 518 (1996).

For VA purposes, impaired hearing will be considered a disability when the auditory threshold for any of the frequencies of 500, 1000, 2000, 3000 and 4000 Hertz is 40 decibels or greater; the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385 (2019). The threshold for normal hearing is between 0 and 20 decibels and higher thresholds show some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993). The audiogram conducted at his August 2019 VA examination showed that his hearing loss met the criteria set forth in 38 C.F.R. § 3.385. 

The Veteran contends that his tinnitus and bilateral hearing loss are due to his exposure to hazardous noise exposure in service. The RO in its August made favorable and binding findings that the Veteran has diagnoses of tinnitus and bilateral hearing loss, and his military occupation specialty (MOS) of aircraft structural maintenance was probable for noise exposure. 

The Veteran’s service treatment records (STRs) show four audiology tests, including the entrance examination of June 1974 and subsequent examinations in April 1975, August 1976, and February 1978. Further, the STRs do not show complaint, treatment, or diagnosis of tinnitus or hearing loss. The Board notes an undated initial Occupational Health Examination indicating: “Veteran’s work area was the flight line; his exposure to noise; and hazard included noise and fuel.” Upon signing, the Veteran noted no hearing loss or ringing in the ears.

The Veteran’s post-service treatment records also do not reflect complaints, diagnoses, or treatment for tinnitus or bilateral hearing loss, until January 2019. Private treatment notes dated in January, February, and May 2019 indicate the Veteran having had hearing loss and tinnitus as due to his “expos[ure] to jet engine noise and heavy equipment in service.”

In a January 2019 statement, the Veteran’s private clinician, J. L., a Physician’s Assistant, concluded he could “not say exactly how long [his] condition[s] existed before the date of the diagnosis or definitely state its cause. However, it is as likely as not that [the Veteran’s] exposure to jet engine noise and heavy equipment during his active duty in the [USAF] as an airframe repairman contributed to or caused his current hearing loss and tinnitus.”

The Veteran underwent a VA audiology examination in August 2019 to determine the possible etiology of his tinnitus and bilateral hearing loss. Regarding tinnitus, the audiologist noted that the Veteran reported first noticing tinnitus after service in 1985 while working as a technician. She then provided a negative nexus to service. She explained that although the “[r]ecords indicate a high probability of hazardous noise exposure during service [due to his] MOS [in] aircraft structural maintenance, [the] Veteran reported noise exposure after service (hunting, aircraft simulators)... and first noticing tinnitus after service.”

Addressing the Veteran’s bilateral hearing loss, the examiner also provided a negative nexus to service. She explained that although the “records indicate a high probability of hazardous noise exposure during service, [the] Veteran report[ed] noise exposure after service that is highly correlated with sensorineural hearing loss (hunting, aircraft simulators). [Further,] the Veteran’s current hearing loss lack[ed] the high frequency notched or sloping configuration of hearing loss that is highly correlated with noise-induced hearing loss (NIHL).” 

After consideration of the record, the Board finds that service connection for tinnitus and bilateral hearing loss must be denied. The finding of the VA examiner is the most probative evidence against the Veteran’s claims. The examiner specifically noted a thorough in-person interview with the Veteran, an audiogram, and a review of the claims file. The VA examiner’s opinion is supported by a thorough rationale, addressing the relevant evidence of record, including the STRs, and the Veteran’s statements. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

The Board acknowledges the diagnosis and statement of J. L. However, it appears that J. L. relied on the sole report of the Veteran and did not review the claims file. While not reviewing the claims file does not automatically render an opinion not probative, it does not appear that J. L. was aware of the Veteran’s post-service noise exposure via hunting and aircraft simulators, or that the Veteran first began experiencing tinnitus in 1985. Therefore, J. L. did not have access to all of the relevant facts when making his opinion. Also, he did not provide an adequate explanation for his findings. As a result, the Board affords it less probative weight than the comprehensive VA examination performed by the August 2019 VA audiologist.

The Board acknowledges that the Veteran may sincerely believe that his current tinnitus and bilateral hearing loss disabilities are etiologically related to active service, including noise exposure during service. He is competent and credible to report on his having hearing loss and tinnitus. Layno v. Brown, 6 Vet. App. at 470 (1994). Because there is no universal rule as to competence on this issue, the Board must determine on a case-by-case basis whether a particular condition is the type of condition that is within the competence of a layperson to provide an opinion as to its existence or etiology. Jandreau v. Nicholas, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007); Kahana v. Shinseki, 24 Vet. App. 428 (2011). However, as the evidence of record has not shown that the Veteran has the medical or audiological training, credentials, or other demonstrated expertise, to determine the etiology of his hearing loss and tinnitus. Further, his contentions were investigated by a credible medical examiner who found no relationship to service. The lay assertions, thus, carry a low probative weight.

Although tinnitus is a condition that is capable of lay observation, the Veteran reported to the VA examiner that his tinnitus started in 1985, seven years after service. Charles v. Principi, 16 Vet. App. 370 (2002). 

Although the Veteran has been diagnosed with chronic diseases subject to presumptive service connection, the record also does not show diagnoses within one year of his separation from service. Therefore, a presumptive service connection is not warranted. 38 C.F.R. §§ 3.307, 3.309 (a). Significantly, the Veteran reported onset of tinnitus in 1985, more than a year after service. This also supports a finding that there was not continuity of symptoms of tinnitus since service. Lastly, as there is no showing of continuity of symptomology since service in February 1978, nor does the Veteran so contend. Thus, a grant of service connection based on continuity of symptomatology is also not warranted. 38 C.F.R. § 3.303 (a), (b); Walker, 708 F.3d 1331 (2013).

In sum, there is no probative evidence of record indicating that the Veteran’s tinnitus and bilateral hearing loss are related to his service. The competent medical evidence reflects that tinnitus, which started in 1985, and bilateral hearing loss are likely related to his post-service work with aircraft simulators and recreation hunting activity. As such, the preponderance of the evidence of record is against the claims, and service connection for tinnitus and bilateral hearing loss must be denied. Gilbert, 1 Vet. App. 49 (1990).

 

 

D. Martz Ames

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. Stevens, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.